# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| NATHAN AVERY ROACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-299 |
| | ) | |
| LIBERTY COUNTY JAIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court screened *pro se* plaintiff Nathan Avery Roach's 42 U.S.C. § 1983 complaint, pursuant to 28 U.S.C. § 1915A.  *See* doc. 6.  It found that he had failed to state any claim upon which relief could be granted but afforded him an opportunity to amend some of his claims.  *See id.* at 18.  Objections to the Report and Recommendation were due by February 2, 2023, and his amendment, if any, is due by February 10, 2023.  *See id.* at 18, 20.  He has filed[1] a request that the Court "set" a date to "review[ ]" his Complaint and notify him of that date.  *See* doc. 7 at 1.

---

[1] Pursuant to the "prison mailbox rule," Roach's Motion is deemed filed on January 16, 2023.  *See* doc. 7 at 1; *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Since the Court's Order and Report and Recommendation was not docketed until January 19, 2023, *see* doc. 6, Roach could not have known that his Complaint had been screened when he filed his request.

1

Pretermitting whether such a request is proper, the Court has already "reviewed" his Complaint and the operative dates for his response are established. His Motion, therefore, is **DENIED** as moot. Doc. 7.

Roach has also requested that counsel be appointed to assist him in amending his Complaint, as directed. *See* doc. 8. Roach has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "[T]his Court has repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case

while incarcerated." *Holzclaw v. Milton*, 2019 WL 1474398, at * 1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and citation omitted); *see also Bell v. Lamb*, 2021 WL 1954739, at * 3 (S.D. Ga. Mar. 30, 2021).  General lack of education, including legal education, is also not a sufficient basis to require appointment of counsel.  *See, e.g., Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).  Despite the Court's determination that his original Complaint failed to state any claim upon which relief could be granted, there was no ambiguity or lack of clarity in his allegations.  *See generally* doc. 6.  There is, therefore, no indication of any "exceptional circumstance" that warrants appointment

of counsel.  *Fowler*, 899 F.2d at 1096.  Roach's motion is, therefore, **DENIED**.  Doc. 8.

Although he is not entitled to court-appointed counsel, the Court will afford Roach an additional fourteen days to prepare the required Amended Complaint.  *Cf.* Fed. R. Civ. P. 6(b)(1)(A).  The deadline in the Court's prior Order is **VACATED**.  Doc. 6, in part.  Roach is **DIRECTED** to submit his Amended Complaint no later than February 24, 2023.

**SO ORDERED,** this 6th day of February, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA