UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| NATHAN AVERY ROACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-299 |
| | ) | |
| LIBERTY COUNTY JAIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER AND REPORT AND RECOMMENDATION**

*Pro se* plaintiff Nathan Avery Roach filed this 42 U.S.C. § 1983 case, seeking to recover damages arising from various alleged constitutional violations at Liberty County Jail. *See* doc. 1. The Court previously screened his Complaint, recommended that several parties be dismissed, and directed him to file an Amended Complaint clarifying certain claims. *See* doc. 6 at 18. After several extensions, he has submitted his Amended Complaint. Doc. 13. Since, as explained below, the Amended Complaint supersedes the original, the recommendations concerning dismissals of parties named in the original complaint is **VACATED** as moot. Doc. 6, in part.

1

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Roach is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

## I. Defendants Omitted from Amended Complaint

There are several defendants, named in the original Complaint, that are omitted from the Amended Complaint. Defendants Liberty County Jail, Captain McEady, Major Krumnow, and Liberty County are all omitted from the Amended Complaint. *Compare* doc. 1 at 1, 4, 6, *with* doc. 13 at 2. Since the Amended Complaint supersedes all prior pleadings, the defendants not named in the Amended Complaint should be **DISMISSED**. *See, e.g., Riley v. Georgia Dept. of Corrs.*, 2012 WL 2872636, at *2 (S.D. Ga. Apr. 17, 2012); doc. 12 at 3 (informing Roach

that "his amended complaint will supersede the current operative complaint and therefore must be complete in itself.").

## II. Conditions of Confinement Claim

Roach alleges that he was confined in an unsanitary cell. *See* doc. 13 at 7. He asserts that the Liberty County Sheriff's Department is liable. *Id.* Roach's claim against the Liberty County Sheriff's Department fails to state a claim upon which relief can be granted because the Sheriff's Department is not subject to suit. *See, e.g., Dempsey v. Elmore*, 2008 WL 4491475, at *5 (S.D. Ga. Oct. 3, 2008) (holding "Plaintiff cannot state a valid claim against the Chatham County Sheriff's Department because it is not subject to suit under 42 U.S.C. § 1983."). The facts alleged also fail to state a conditions-of-confinement claim. The Court previously explained the applicable deliberate-indifference standard applicable to conditions-of-confinement claims.[1]

---

[1] The Court's previous explanation referred to the Eighth Amendment as the source of the applicable standard. *See* doc. 6 at 13 (citing *Rhodes v. Chapman*, 452 U.S. 337, 345-47 (1981)). Roach's Amended Complaint clarifies that he is a pre-trial detainee. *See* doc. 13 at 6. "In evaluating the conditions of confinement for pretrial detainees, we look to the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, though the minimum standards allowed by the due process clause are the same as those allowed by the Eighth Amendment for convicted persons." *Jacobs v. Georgia*, 820 F. App'x 882, 887 (11th Cir. 2020) (internal quotation marks, citations, and alterations omitted).

*See* doc. 6 at 13-15. Roach's allegations expand on the original Complaint's by asserting, in a conclusory fashion, that his exposure to the conditions was "prolonged and egregious," but he only vaguely alleges that he was exposed for "days." Doc. 13 at 7. Even supposing that those allegations were sufficient to support the objective prong of his claim, *but see, e.g., Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."), he has completely omitted any allegation that any particular defendant was subjectively deliberately indifferent to them, *see, e.g., Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015). Since the named defendant, Liberty County Sheriff's Department is not subject to suit, and the factual allegations are insufficient to support a conditions-of-confinement claim, Roach's claim should be **DISMISSED**.

### III. First Amendment Claim

Roach has also expanded his allegations that his First Amendment rights were violated. *See* doc. 13 at 8. Roach alleges that he presented a postcard "addressed to the Internal Affairs[ ] concerning a violation of plaintiff's Roach 8th Amendment [sic] . . . ." *Id.* Despite apparently being addressed to "Internal Affairs," he alleges that the postcard requested a

4

lawyer. *Id.* He was subsequently approached by Defendant Walthour, who objected to the unspecified contents of the postcard. *Id.* He alleges she expressly refused to mail it. *Id.* He includes conclusory language that the refusal "impeded [his] efforts to pursue a nonfrivolous legal claim. . . ." *Id.* The Court cannot conclude that Walthour's refusal to mail the postcard violated his First Amendment right of access to the Courts, based solely on Roach's vague and conclusory assertions that the postcard was submitted in support of a "nonfrivolous legal claim." *See, e.g., Lewis v. Casey*, 518 U.S. 343, 354-355 (1996) (describing the "actual injury" necessary to support an access-to-courts claim). However, "the right to send and receive mail exists under the First Amendment." *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008). Moreover, nominal damages may be available "for violations of the fundamental constitutional right to free speech absent any actual injury." *Id.* at 1335. The Court is, therefore, satisfied that Roach's allegation that Walthour refused to send mail because she objected to its contents sufficiently alleges a First Amendment violation for service upon her.

## IV. Excessive Force Claim

Roach alleges that he was subjected to excessive force when two defendants, Brown and Barnes, moved him from one cell to another by wheelchair. *See* doc. 13 at 9. When they reached their destination, he alleges that Barnes said "Just dump his ass on the floor!," and Brown forcefully ejected him from the wheelchair. *Id.* He alleges that he hit his head in the fall, causing a seizure and "two knots" on his head. *Id.* While the Court previously explained the standard applicable to excessive force claims under the Eighth Amendment, *see* doc. 6 at 17-18, that standard is not applicable to pretrial detainees, *see Ireland v. Prummell*, 53 F.4th 1274, 1296-97 (11th Cir. 2022). "To establish a claim for excessive force in the Fourteenth Amendment context, 'a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.'" *Id.* at 1297 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)). Six "illustrative factors" apply to determine reasonableness, "without regard for the officer's subjective intent or motivation." *Id.* Under the circumstances alleged, and taking Roach's allegations as true, the factors clearly weigh in favor of the conclusion that the force in question was both purposeful and unreasonable. His

6

excessive force claim is, therefore, sufficient for service upon defendants Brown and Barnes.

## V. Medical Care Claim

The Court previously explained the deliberate indifference standard applicable to claims arising from allegedly inadequate medical care. *See* doc. 6 at 8-9. In his Amended Complaint, Roach alleges that a nurse, Defendant Dixon, and Genesys Health Alliance, presumably a contractor providing medical care at Liberty County Jail, were deliberately indifferent to his medical needs after several seizures. *See* doc. 13 at 10. However, he does not allege any facts, except for the date of the alleged indifference. *See id.* His assertion of the claim is nothing more than a collection of conclusory "buzz words" pulled from the Court's prior discussion. *See, e.g., id.* ("Nurse Dixon acted with deliberate indifference to an objectively substantial risk of serious harm when Nurse Dixon displayed acts of recklessness or pure callous disregard for the risk of serious harm presented."). Roach's assertion of a deliberate indifference claim is a paradigmatic example of the "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements," that fail to support a claim. *Iqbal*, 556 U.S. at

678. Roach's deliberate indifference claim should, therefore, be **DISMISSED**.

In summary, the defendants named in Roach's original Complaint, but omitted from his Amended Complaint, should be **DISMISSED**. Roach's conditions-of-confinement claim and deliberate-indifference claims should be **DISMISSED**. Accordingly, defendants Liberty County Jail, Captain McEady, Major Krumnow, Liberty County, Genesys Health Alliance, and Nurse Dixon should all be **DISMISSED**. Roach's First Amendment claim against defendant Walthour and his excessive force claim against defendants Brown and Barnes are approved for service. Since Roach is proceeding *in forma pauperis* those defendants will be served by the United States Marshal, as discussed below.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Since the Court approves for service Roach's First Amendment claim against defendant Walthour and his excessive force claim against defendants Brown and Barnes, a copy of Plaintiff's Amended Complaint, doc. 13, and a copy of this Order and Report and Recommendation shall be served upon those defendants by the United States Marshal without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure all

discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness in order and word-for-word during the deposition. Fed. R. Civ. P. 30(c). Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel,

the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  See Fed. R. Civ. P. 33.  Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are **not named** as a defendant.  Interrogatories are not to contain more than 25 questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will**

13

**authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant.  Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order.  A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.  A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

# ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That

burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts. If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 21st day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA