IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

NATHAN AVERY ROACH,           )
                              )
       Plaintiff,             )
                              )
v.                            )   CASE NO. CV422-299
                              )
LIBERTY COUNTY JAIL; CAPTAIN  )
MCEADY, Captain of Liberty    )
County Jail; MAJOR KRUMNOW,   )
Head of Security Liberty County )
Jail; LIEUTENANT BARNES,      )
Individual and Official       )
Capacity; SERGEANT BROWN,     )
Individual and Official       )
Capacity; LIBERTY COUNTY;     )
LIBERTY COUNTY SHERIFF        )
DEPARTMENT; LT. ANITA WALTHOUR; )
GENESYS HEALTH ALLIANCE; and  )
NURSE DIXON;                  )
                              )
       Defendants.            )
                              )

## O R D E R

Before the Court is the Magistrate Judge's March 21, 2023, Report and Recommendation (Doc. 14), to which no objections have been filed. After a careful review of the record,[1] the report and recommendation (Doc. 14) is **ADOPTED** as the Court's opinion in this

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

case. Defendants Liberty County Jail, Captain McEady, Major Krumnow, Liberty County, Liberty County Sheriff's Department, Genesys Health Alliance, and Nurse Dixon are **DISMISSED**. Plaintiff Nathan Avery Roach's conditions-of-confinement and deliberate indifference claims are also **DISMISSED**. Plaintiff's First Amendment claim against Defendant Anita Walthour and his excessive force claim against Defendants Brown and Barnes remain pending. (See Docs. 16-22.)

Plaintiff has submitted a document titled "Notice of Request," that merits comment. (See Doc. 15.) In the notice, Plaintiff requests, "if possible, [that] the Courts mail a document prohibiting any staff member of any county [j]ail or correctional facility from confiscating or 'take away' [sic] Plaintiff Roach 'Black Composition Book' and all the written [d]ocuments within that composition book." (Id. at 1.) Plaintiff explains that the composition book contains information he has recorded relevant to the claims asserted in this case. (Id.) He is concerned that "it may be highly possible" that the book will be confiscated upon his hypothetical transfer to another facility. (Id.)

Plaintiff's notice does not present any cognizable request for relief. Charitably construed, it seeks some form of injunctive relief prohibiting unidentified corrections employees from confiscating his composition book. A preliminary injunction, that is, injunctive relief imposed before determination of the merits

2

of a plaintiff's claims, "is an extraordinary and drastic remedy . . . ." Barr v. Tucker, --- F. Supp. 3d ----, No. CV422-226, 2023 WL 2139663, at *4 (S.D. Ga. Feb. 21, 2023). The Court need not consider the merits of Plaintiff's request because the Court lacks jurisdiction to issue an injunction against a non-party, much less an unidentified and hypothetical non-party. See, e.g., Infant Formula Antitrust Litig. v. Abbott Lab'ys, 72 F.3d 842, 842-43 (11th Cir. 1995). To the extent that Plaintiff's notice requests injunctive relief, therefore, it is **DENIED**. (Doc. 15.)

SO ORDERED this 2nd day of May 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA