UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| NATHAN AVERY ROACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CV422-299 |
| | ) |
| LIEUTENANT BARNES, | ) |
| SERGEANT BROWN, and | ) |
| LIEUTENANT ANITA | ) |
| WALTHOUR, | ) |
| | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is Defendants Sergeant Brown, Lieutenant Anita Walthour, and Lieutenant Barnes' Motion to Stay discovery pending disposition of their Motion to Dismiss, doc. 29. Doc. 30. Plaintiff did not respond to the Motion to Stay before his June 5, 2023 deadline to do so, and it is unopposed by operation of Local Rule 7.5. *See* doc. 30 (Motion to Stay filed May 22, 2023); S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within [14 days] shall indicate that there is no opposition to a motion."); *see generally* docket. For the following reasons, Defendants' unopposed stay request is **GRANTED**. Doc. 30.

Case 4:22-cv-00299-WTM-CLR   Document 35   Filed 08/16/23   Page 2 of 4

A court has "broad discretion" in determining whether to grant a stay of discovery. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has recognized that it is appropriate for the Court dispose of "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotation marks omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In evaluating stays of discovery pending resolution of dispositive motions, "a court must take a preliminary peek . . . to assess the likelihood that the motion will be granted." *Taylor v. Jackson*, 2017 WL 71654, at *1 n.2 (S.D. Ga. Jan. 6, 2017) (quoting *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at *6 (S.D.

Ga. June 10, 2016)). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Sams*, 2016 WL 3339764 at *6. "[A] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *CSX Transp., Inc. v. United States*, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014) (citing *Feldman*, 176 F.R.D. at 652).

Upon preliminary review, the Motion to Dismiss does not appear to be wholly meritless. *See generally* doc. 29; *see also Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470, at *2 (M.D. Ga. Oct. 10, 2008) (granting a stay of discovery deadlines when a motion to dismiss is not "meritless on its face"). Further, Plaintiff does not oppose Defendants' stay request, and there is no indication that he would be prejudiced by a stay. Additionally, a ruling on the Motion to Dismiss could be case-dispositive. *See* doc. 29 at 10 (arguing that Plaintiff's "complaint must be dismissed."). On balance, then, a stay is appropriate. Defendants' unopposed Motion to Stay is **GRANTED**, doc. 30, and all deadlines in this case are **STAYED** pending disposition of Defendants' Motion to Dismiss, doc. 29. The Court will provide additional

instructions regard discovery deadlines if this case remains pending after disposition of the Motion to Dismiss.

**SO ORDERED**, this 16th day of August, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA