UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| NATHAN AVERY ROACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV422-299 |
| ) | |
| LIEUTENANT BARNES, ) | |
| SERGEANT BROWN, and ) | |
| LT. ANITA WALTHOUR, ) | |
| ) | |
| Defendants. ) | |

## ORDER

*Pro se* plaintiff Nathan Avery Roach has filed a document titled "Plaintiff's Notice of Filing Request." Doc. 36 at 1. That document includes both a request for court-appointed counsel, *see id.* at 1-2, and a settlement offer, *id.* at 2-5. The settlement offer is directed at defendants' counsel and merits no further comment from the Court. As to the request for counsel, for the reasons explained below, it is **DENIED**. Doc. 36.

Roach's request for counsel invokes the Georgia Constitution. *See* doc. 36 at 1-2. The Georgia Constitution provides that "[n]o person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state." Ga.

1

Const. art. I, § 1, ¶ XII.  The Court is skeptical, to say the least, that the invoked provision requires court-appointed counsel in civil cases.  *Cf. In the Interest of B.R.F.*, 788 S.E. 2d 416, 419 (Ga. 2016) (recognizing that "[c]ivil litigants typically do not enjoy a constitutional right to counsel," under the United States Constitution and noting no additional right under the Georgia Constitution).  Regardless, that provision cannot bind this Court and, even supposing it had some force, by its plain terms applies "in the court of this state," *i.e.* the State of Georgia.  It, therefore, provides no basis to expand the right of a civil litigant to appointed counsel in a matter before this Court.  Roach's suggestion that the Georgia Constitution's protection of "person and property," and recognition that "[n]o person shall be denied the equal protection of the laws," entitles him to appointed counsel, *see* doc. 36 at 1 (citing Ga. Const. art. I, § 1, ¶ II), is meritless.  *See, e.g., Swindell v. Accredited Home Lenders, Inc.*, 442 F. App'x 444, 445 (11th Cir. 2011) (finding no violation of due process or equal protection rights when counsel not appointed); *Kendrix v. Hollingsworth Concrete Prods., Inc.*, 553 S.E.2d 270, 271 (Ga. 2001) ("The protections offered by the equal protection clauses of the state and federal constitutions are coextensive.").

This Court has previously explained to Roach that he is not entitled to appointed counsel in this matter. *See* doc. 9 at 2-4. Nothing in the proceedings of this case since that determination alter it in any way. The Court remains convinced that this case does not present any "exceptional circumstance" that warrants appointment of counsel. *See, e.g., Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Roach's request for appointed counsel is, therefore, **DENIED**. Doc. 36

**SO ORDERED,** this 29th day of August, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA