UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

NATHAN AVERY ROACH,           )
                              )
        Plaintiff,            )
                              )
v.                            )     CV422-299
                              )
LIEUTENANT BARNES, *et al.*,  )
                              )
        Defendants.           )

## ORDER AND REPORT AND RECOMMENDATION

After screening, the Court approved *pro se* plaintiff Nathan Avery Roach's excessive force and First Amendment claims for service upon Defendants. *See generally* doc. 14. The Court previously noted that Defendants' joint Motion to Dismiss those claims is pending disposition. *See* doc. 43-1 at 1-2. While that Motion has been pending, Plaintiff made several procedurally irregular requests and the Court directed defendants to respond to them. *See id.* at 2-3. They have done so. *See* doc. 44. They note that discovery in this case has been stayed pending disposition of the Motion to Dismiss. *Id.* at 1-2; *see also* doc. 35. They also state that they are not willing to engage in settlement discussions prior to disposition of that Motion. *Id.* Since discovery is stayed and

1

defendants are unwilling to discuss settlement at this time, Roach's informal requests, noted in the prior Order, are **DENIED**.  *See* doc. 43-1 at 2.  Defendants' Motion to Dismiss is, therefore, ripe for disposition.

The factual background of Roach's claims is limited.  The first claim arose from Roach's allegation that Defendant Walthour refused to mail a postcard because she objected to its contents.  *See* doc. 14 at 4-5.  His second claim, that he was subjected to excessive force, was based on his allegation that Defendants Brown and Barnes forcefully ejected him from a wheelchair while moving him from one cell to another.  *See id.* at 6.  Defendants waived service, *see* docs. 19, 20 & 21, and moved to dismiss, doc. 29.

Defendants seek dismissal of Roach's claims "because he failed to exhaust his administrative remedies . . . prior to filing [this] action as required by the [Prison Litigation Reform Act ("PLRA")]."  Doc. 29 at 3.  They have supported their Motion with a declaration from Liberty County Jail's Assistant Jail Administrator, Joseph McEady, testifying to the existing grievance procedures at Liberty County Jail and that Roach did not properly file any grievance between October 2022, when the events at issue allegedly commenced, and December 2022, when the

original Complaint was filed. *See id.* at 8-9; *see also* doc. 1 (Complaint filed December 2022); doc. 13 at 8 (alleging Walthour refused mail on November 1, 2022), 9 (alleging excessive force incident occurred on October 28, 2022); doc. 29-1 (Declaration).

Roach responded in opposition to Defendants' Motion, but in a somewhat disorganized fashion. His first, explicit, response points to testimony in the declaration that he "request[ed] to speak with [two prison officials] concerning how his rights have been and were currently being violated along with other concerns, however [those officials] failed to meet with Plaintiff Roach . . . ." Doc. 31 at 2. He also points to the fact that he sent "multiple post cards to the Liberty County Sheriff's Office Internal Affairs . . . ." *Id.* Finally, he states that he spoke to an otherwise unidentified detective "in hopes of a[n] administrative remedy . . . ." *Id.* at 3. He asserts that those acts "satisf[y] the required process of seeking administrative remedies before filing a suit." *Id.* Defendants filed a reply which points out that none of the acts alleged in Roach's response, even supposing they occurred as he alleges, are sufficient to satisfy the exhaustion requirement. *See generally* doc. 33.

In response to Defendants' reply, Roach filed an "objection." *See* doc. 34 at 1. In that document he "concedes that he was aware that Liberty County Jail has a grievance procedure and that he took the options that was available within his situation." Doc. 34 at 1. He alleges that, after the alleged excessive force incident, he was placed in segregation, where "there was not a kiosk," which led to his attempt to use the "inmate request form" to submit his grievance. *Id.* at 1-2. He alleges that the lack of any response to his other, informal, attempts to raise his grievances led to his filing the instant action. *Id.* at 2-3. More than three months after Roach's Objection was filed, he filed another "reply." *See* doc. 41. He reiterates his arguments that his informal requests related to his allegations were sufficient to exhaust administrative remedies, given his segregated confinement.[1] *See id.* at 1-2.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner

---

[1] Since Roach's "reply" was not filed in compliance with the Court's Local Rule concerning such briefing, the Court might simply disregard it. *See* S.D. Ga. L. Civ. R. 7.6 (reply briefs must be filed within fourteen calendar days of service of the opposing party's last brief). However, since it does not alter the Court's analysis that Roach has failed to exhaust available administrative remedies, as discussed below, the Court has considered it.

4

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available remedies is mandatory; "[a]nd that mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, 578 U.S. 632, 639 (2016). The statute's plain language "means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court." *Leal v. Georgia Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (internal quotation marks and citation omitted). "To exhaust administrative remedies in accordance with the PLRA, prisoners must *properly* take each step within the administrative process." *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (emphasis added) (internal quotation marks and citation omitted); *see also Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (holding "that proper exhaustion of administrative remedies is necessary," to satisfy the PLRA). "Where exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits [of the underlying claims] and

the parties have sufficient opportunity to develop a record." *Bryant,* 530 F.3d at 1376.

When a defendant files a motion to dismiss based on a prisoner's failure to exhaust administrative remedies, the Court follows a two-step process. *See Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008). As the Eleventh Circuit has explained:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. [Cit.] . . . If the complaint is not subject to dismissal at the first step, . . ., the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. [Cit.] The defendants bear the burden of proving plaintiff has failed to exhaust his administrative remedies.

*Id.* at 1082 (citations omitted). "[O]nce [the defendant's] burden has been met, the burden of going forward shifts to the plaintiff, who . . . must demonstrate that the grievance procedure was 'subjectively' and 'objectively' unavailable to him." *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th Cir. 2020).

Since, as Defendants' reply points out, Plaintiff does not dispute "that he did *not* file a proper Inmate Grievance Form," and Defendants

do not dispute that he took the informal steps alleged, *see* doc. 33 at 2-3, the only question is whether the informal attempts to exhaust available remedies are sufficient. Roach cites to several cases that he contends support exhaustion, in the absence of "technical" compliance, based on an inmate's "reasonable attempt" to exhaust. *See* doc. 34 at 3, doc. 41 at 2. Although some courts, albeit none binding on this Court, have recognized a "reasonable attempt" as sufficient to satisfy the PLRA's exhaustion requirement, *see, e.g., Long v. Lafko*, 254 F. Supp. 2d 444, 448 (S.D.N.Y. 2003), that authority appears abrogated by the Supreme Court's determination that, other than availability, "the PLRA's text suggests *no limits* on an inmate's obligation to exhaust—irrespective of any 'special circumstances,'" *Ross*, 578 U.S. at 639 (emphasis added).

Roach's arguments, and the authority they cite, are unavailing. Roach appears to quote from *Long*, although he does not cite it. *Compare* doc. 34 at 3 (quoting "Victor Marrero, United States District Judge"), *with Long*, 254 F. Supp. 2d 448 (Marrero, J.). Roach also cites to *Griffith v. Selsky*, 325 F. Supp. 2d 247 (W.D.N.Y. 2004), and *Almond v. Tarver*, 468 F. Supp. 2d 886 (E.D. Tex. 2006). Doc. 34 at 3. His subsequent reference to "Judge David G. Lerimer," doc. 41 at 2, appears to be an uncited

7

reference to *Griffith*. *See Griffith*, 325 F. Supp. 2d at 250 (Larimer, J.) (finding exhaustion was satisfied because "plaintiff made reasonable attempts to pursue his grievance . . . ."). All of the cases that Roach cites, however, were decided prior to *Ross*. *Ross* supports the conclusion that the "reasonable attempt" approach taken in the cited cases is no longer viable, if it ever was. *Ross* is emphatic that "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." 578 U.S. at 639; *see also, e.g., Varner v. Shepard*, 11 F.4th 1252, 1261 (11th Cir. 2021) ("[I]nformal complaints . . . do not satisfy the 'proper exhaustion' requirement established by *Woodford* and *Bryant*."); *Howard v. Smith*, 2008 WL 816685, at *5 (S.D. Ga. Feb. 28, 2008) ("The PLRA leaves no room for judicial discretion, but instead requires exhaustion in strict compliance with prison regulations, irrespective of the forms of relief sought and offered through administrative avenues. [Cit.] In other words, in order for Plaintiff to have exhausted his administrative remedies on a claim, he must have done so in the manner provided by the relevant . . . policy, following the proper procedure within the given time lines." (internal quotation marks and citations omitted), *adopted, in relevant part*, 2008 WL 816684, at *3 (S.D. Ga. Mar. 26, 2008). Since

Roach concedes that the steps he took did not comply with the applicable grievance procedures, his assertion that they were reasonable under the circumstances is simply irrelevant. Even accepting Roach's version of events as true, he failed to properly exhaust administrative remedies.

Although Roach's "reasonable attempt" argument fails to support exhaustion, he does raise an issue that merits further discussion. While *Ross* unequivocally rejected any circumstantial exception to the PLRA's exhaustion requirement, it also recognized that the requirement "hinges on the 'availability' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." 578 U.S. at 642. Roach asserts that, during the unspecified period he was in segregated confinement, he "stated he wished to write a grievance and there wasn't a kiosk available," and he was provided with the "inmate request form," attached to Defendants' Motion. *See* doc. 34 at 2; *see also* doc. 29-1 at 9. Stretching the limits of the charitable construction afforded to documents drafted by *pro se* litigants, *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (internal quotation marks and citation omitted)), the Court will consider whether that assertion is sufficient to conclude that

his failure to exhaust was excused because the procedure was "unavailable." *See Geter*, 974 F.3d at 1356.

*Ross* recognizes that, to satisfy the PLRA's requirement, "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." 578 U.S. at 642 (internal quotations omitted). The Court went on to provide a list of "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Id.* at 643. Among those circumstances is "when prison administrators thwart inmates from taking advantage of a grievance process," *id.* at 644, which might include placing procedurally required forms out of an inmate's reach. Assuming, without deciding, that failing to provide access to the means to comply with administrative procedure would make that procedure "unavailable,"[2] Roach does not make the required showing.

---

[2] There are two potential issues in recognizing that such circumstances make the procedure "unavailable," within the meaning of *Ross*. First, the fact that the procedure was "unavailable," and not merely inconvenient, difficult, or complicated, would have to be shown. Roach does not even attempt to make such a showing, and even if he tried, as discussed below the record does not provide any indication that such a showing is possible. Second, the specific category *Ross* recognizes concerns affirmative discouragement of grievances, "through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 644. Roach's vague reference to the lack of an

10

Despite Roach's suggestion that the grievance procedure was "unavailable" while he was in segregated confinement, he bears the burden to "demonstrate that the grievance procedures was 'subjectively' and 'objectively' unavailable to him." *Geter*, 974 F.3d at 1356. His vague suggestion does not come close to discharging that burden. There can be no question that the grievance procedures were "subjectively" available to Roach, as he "concedes that he was aware that Liberty County Jail has a grievance procedure . . . ." Doc. 34 at 1. Moreover, the availability of a "kiosk" to inmates in segregation does not obviously impede the procedure at all. *See, e.g.,* doc. 29-1 at 6 ("If the inmate feels it necessary to file a formal complaint, grievance forms are available upon request form the Jail Administration or the assistant Jail Administrator."). In asserting that the Inmate Request Form was the only one available, Roach does not even hint at why he did not use that form to request the

---

available kiosk to inmates in segregated confinement does not even hint at any such malfeasance. To the extent that the sort of "unavailability" alleged does not neatly fit into the categories explicitly recognized in *Ross*, the Eleventh Circuit has indicated, albeit implicitly, that the categories in *Ross* might be exhaustive. *See Geter*, 974 F.3d at 1356 (declining to "address whether the list in *Ross* is exhaustive"); *see also Thomas v. Bradshaw*, 2022 WL 333244, at *6 (11th Cir. Feb. 4, 2022) (same). Since, as discussed below, Roach fails to bear his burden, the Court need not definitively determine whether the circumstances alleged could support the unavailability of the administrative remedy.

11

grievance form he knew was required. *See* doc. 41 at 2 (asserting that lack of kiosk in segregation made "the 'INMATE REQUEST FORM' to be his only way to report his grievances."); *see also Garcia v. Obasi*, 2022 WL 669611, at *3 (11th Cir. Mar. 7, 2022) (affirming dismissal for failure to exhaust, and noting that an official's failure to proactively provide a necessary form "did not make that option unavailable—[Plaintiff] has not alleged that he asked for [the] form, or that one would not have been given to him if he had asked."). Finally, if Roach contends that the Request Form was "capable of use" to submit a grievance, he cannot plausibly contend that the procedure was "objectively unavailable," given that he submitted one.[3] Based on the undisputed facts before the Court, even charitably construing Roach's filings to assert the argument, there

---

[3] Moreover, even crediting Roach's contention that the Inmate Request Form was, somehow, an attempt to exhaust administrative remedies, the form he submitted does not actually state his grievance. The grievance policy requires that the inmate "provide the details of the complaint including date, time, explanation of events, and names of those involved." Doc. 29-1 at 6. Roach contends that his statement, in the Inmate Request form that "Also my rights have been and is currently being violated," doc. 29-1 at 9, constitutes his efforts to grieve all of the events at issue. *See* doc. 41 at 1-2 ("Within the document 'Exhibit 2' the 'Inmate Request Form,' it can clearly be seen that Plaintiff Roach made a written grievance stating that his RIGHTS were being violated."). There is no suggestion in the grievance policy that merely complaining that unspecified rights "have been and is currently being violated," is sufficient to properly exhaust any such violation under the policy, and Roach certainly does not argue that it is.

is no question that he has not borne his burden to show that administrative remedies were unavailable.

Given the undisputed facts, the Court can discern no dispute that Roach failed to exhaust available administrative remedies as to both of his claims. Defendants' Motion to Dismiss should, therefore, be **GRANTED**. Doc. 29. Roach's Amended Complaint should be **DISMISSED**. Doc. 13. This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 9th day of January, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA